1          IN THE UNITED STATES DISTRICT COURT

2            FOR THE DISTRICT OF NEW MEXICO

3

4   FEDERAL DEPOSIT INSURANCE CORPORATION
    AS RECEIVER FOR FIRST COMMUNITY BANK,
5
          Plaintiff,
6
          VS.                      NO. CV 14-0066 JB
7
    H. PATRICK DEE, et al.,
8
          Defendants.
9

10

11
          Transcript of Motion Proceedings before
12  The Honorable James O. Browning, United States
    District Judge, Albuquerque, Bernalillo County,
13  New Mexico, commencing on May 5, 2015.

14
    For the Plaintiff:    Mr. Dennis Klein; Ms. Mary Torres
15

16  For the Defendants:   Mr. William Carroll; Mr. Thomas
    Alleman; Mr. Andrew Schultz; Mr. Kurt Wihl; Mr.
17  Benjamin Feuchter; Mr. Michael Smith

18

19

20

21
          Jennifer Bean, FAPR, RDR, RMR, CCR
22          United States Court Reporter
            Certified Realtime Reporter
23          333 Lomas, Northwest
            Albuquerque, NM  87102
24          Phone:  (505) 348-2283
            Fax:  (505) 843-9492
25




SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 820-6349

BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1        THE COURT:  All right.  Good morning

2  everyone.  The Court will call Federal Deposit

3  Insurance Corporation as Receiver for First Community

4  Bank versus H. Patrick Dee, et al., Civil Matter No.

5  14-0066 JB/KBM.

6        If counsel will enter their appearances for

7  the FDIC.

8        MR. KLEIN:  Good morning, Your Honor.

9  Dennis Klein, Hughes, Hubbard & Reed, representing

10  the FDIC.

11        MS. TORRES:  Good morning, Your Honor.

12  Mary Torres.

13        THE COURT:  Mr. Klein, Ms. Torres, good

14  morning to you.

15        And let's start with all the defendants

16  except Mr. Nafus.

17        MR. CARROLL:  Your Honor, Frank Carroll

18  with Dykema Cox Smith, representing all the

19  defendants except Mr. Nafus.  Also Tom Alleman.

20        THE COURT:  All right.  Mr. Carroll, Mr.

21  Alleman.

22        MR. SCHULTZ:  Andrew Schultz, Your Honor,

23  with the Rodey Firm for all other defendants.

24        THE COURT:  Mr. Schultz, good morning to

25  you.

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 820-6349




BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1          And then for Defendant Nafus.

2          MR. WIHL:  Good morning.  Judge Kurt Wihl

3     of Keleher and McLeod on behalf of Mr. Nafus.  And

4     with me is Ben Feuchter and Michael Smith.  It's a

5     wholesale change from the last hearing that you had

6     in this case.

7          THE COURT:  So you win a motion and you

8     fire the lawyers?

9          MR. WIHL:  There are some similarities.

10         THE COURT:  All right.  Mr. Wihl,

11    Mr. Feuchter, Mr. Smith, good morning to you.

12         All right.  We're here on two motions.  The

13    first one is the plaintiff's motion for leave to

14    amend its complaint in accordance with the Court's

15    March 3, 2015 order.

16         Mr. Klein, are you going to speak in

17    support of that motion?

18         MR. CLINE:  Good morning, Your Honor.

19         THE COURT:  Mr. Klein.

20         MR. KLEIN:  Last time we were here on the

21    argument for the motion to dismiss, the Court

22    commented that it was inclined to deny the motion to

23    dismiss, but might require evidence.

24         And after a scheduling conference, when the

25    Court outlined its rationale for denying the motion

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 820-6349


BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1   to dismiss, the Court indeed did require amendments

2   to cure a standing problem which it felt had been at

3   issue in this case.

4           In accordance with the order that was

5   issued, the FDIC followed the guidance given by the

6   Court in order to cure the standing deficiencies.

7   The Court indicated in its opinion some specific

8   language which needed to be used as guidance to cure

9   these deficiencies.  And it also was really helpful

10  in citing three FDIC cases which the Court felt had

11  acceptable complaints that had not had this standing

12  problem at issue.

13          So in light of that guidance, the FDIC

14  filed the motion with an amendment to cure the

15  deficiencies.  We believe that we have satisfied

16  those requirements, and that the motion should be

17  granted and the amended complaint should be filed.

18          Specifically, in order to cure the standing

19  issue, we put in language following the Court's

20  guidance and the three cases to specifically allege

21  that the subject loans in the case had defaulted.

22  These loans had been charged off, either by the bank,

23  or in one case by the FDIC at closing, as a direct

24  result of these loans -- as a direct result of the

25  breach of fiduciary duty, the negligence, the gross

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 820-6349


BEAN
&ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1 negligence in making these loans in the first place,

2 the loans were funded.  The FDIC was not repaid.  And

3 then, when this bank was closed by the FDIC and the

4 loans sold to the acquiring bank, the FDIC suffered a

5 loss.

6          We cured the complaint.  We don't believe

7 that anything additional is required.  And I believe

8 the motion should be granted and the complaint should

9 be refiled, and we should proceed as we had

10 originally started to proceed after the scheduling

11 order, and a new scheduling order should be put in

12 place and we should move forward with this case.

13          THE COURT:  All right.  Thank you,

14 Mr. Klein.

15          MR. KLEIN:  Thank you.

16          THE COURT:  Mr. Carroll.

17          MR. CARROLL:  Thank you, Your Honor.

18          THE COURT:  Mr. Carroll.

19          MR. CARROLL:  The Court in its opinion made

20 two specific findings.  The Court said that the

21 amended -- or that the complaint does not explain how

22 the defendants' conduct caused FDIC an injury.

23          Later in the opinion, the Court says, "The

24 FDIC has made no attempt to explain how the

25 defendants' tortious conduct affected the FDIC."

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 820-6349


BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1          In response to the Court's opinion, the

2    amended complaint really adds only two new

3    allegations.  Exemplary of those allegations is

4    paragraph 35.  This is what the FDIC says cures all

5    of the problems with the allegations of causation and

6    damages:  "As a result of the tortious conduct, the

7    Defendants Dee and others" -- and this is on the

8    Kitts loan -- "the bank funded the loan to the

9    borrower which subsequently defaulted."  That's it.

10          On paragraph 69, which is the one other

11   addition, here they say First Community funded the

12   subject transactions, but First Community was not

13   thereafter repaid in full, and the FDIC seeks

14   damages.

15          What does this really allege?  It alleges

16   that the conduct of the defendants caused the loan to

17   be made, period.  It alleges that the loan

18   subsequently defaulted, period.  But what it doesn't

19   allege is what the Court told it to allege, and that

20   is how the defendants' conduct caused the injury,

21   caused the default.

22          If the Court, for example, looks at some of

23   the loan history -- and it's set forth in our

24   brief -- these loans were made in 2007 primarily.

25   They were not put on nonaccrual status, not charged

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 820-6349


BEAN
& ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1  off, nonaccrual status, until 2008 and 2009. These

2  loans, according to the allegations just of the

3  complaint, apparently performed from over a year up

4  to almost three years. So what happened that caused

5  loans that they say were made tortiously to continue

6  to perform for up to three years, with no connection

7  between the fact that they defaulted in three years

8  and what the defendants allegedly are supposed to

9  have done?

10           If the Court looks at some of the

11  allegations -- and I will just do a few. On the

12  Kitts loan, for example, they say one of the tortious

13  pieces of conduct that we engaged in was that the

14  income on the 2007 tax return was different than the

15  12/31 financial statement. That the LAF, loan

16  approval form, that was relied on by the defendants

17  failed to explain or question these discrepancies.

18  Their third allegation is the LAF failed to explain

19  why one of the principals of a borrower was not

20  required to contribute additional equity.

21           All of these things, Your Honor, with

22  respect to the Kitts loan, are not tied in to an

23  allegation that the fact that they didn't do this is

24  what caused that loan to be in default.

25           The same thing is true with respect to the

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 820-6349


BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1  K&M loan.  They say that they didn't have a tax

2  return for 2007, but they did for 2004.  Okay,

3  assuming that's a factual truth, how did that cause a

4  loss?  How did that cause the loan which had

5  performed, on K&M, for almost two-and-a-half years to

6  result in any kind of loss to anybody, FDIC or

7  anybody else?

8          The same thing is true with respect to the

9  K&M, Katerina, and the rest of the loans.  They have

10  these allegations, but they're not tied to anything

11  that the defendants did that causally is related to

12  the alleged damages.

13          Now, they have attempted, but only in their

14  reply brief -- not in their complaint -- to assert

15  another theory of damages.  And that is that their

16  damages are the injury that was caused by the

17  difference between the loan amounts when approved --

18  when approved -- and the reduced value when those

19  were transferred to U.S. Bank.

20          Just to take an example, Your Honor, the

21  Katerina loan was approved 3/29/07 for 6.88 million.

22  Their damage claim on Katerina is 4.96 million.  How

23  can what was originally the loan amount, even if you

24  accept this 4.9 million as a charge off -- and I'll

25  come to that in a second -- how can that loan which

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 820-6349


BEAN
& ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1   was reduced by $2 million, how can they be entitled

2   to the difference between those two?  Because loan

3   payments were made on that loan.  And most

4   importantly, interest would have been paid and the

5   bank would have profited, which should have been

6   offset against any kind of claim the FDIC purports to

7   assert here.  So that's not in the amended complaint.

8   That allegation is only in the reply brief.

9           In addition, when we got our initial

10  disclosures, which we discussed with the Court, and

11  the Court said -- served a document request -- those

12  initial disclosures, I would think the very first

13  document that they would say we rely on to prove our

14  damages is the purchase and assumption agreement.

15  And the second document, I would think, would be a

16  list of all six of these loans that shows exactly the

17  amount that was on that date of transfer.  That's not

18  even in the amended complaint, either one of those

19  two.  And it certainly wasn't provided to us as a

20  theory of damages.

21          Obviously, of course, as I say, the

22  computation of damages can't be right.  What they're

23  saying they're entitled to can't at all be right.

24  But even if you assume that they've got these

25  numbers, what I understand the complaint to say is

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 820-6349


BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1   that their damages are the difference between the

2   amount loaned initially and a charge-off that was

3   made in 2000 -- we don't know.  They only have the

4   nonaccrual dates in the complaint.  We don't know

5   when it was charged off.  But charged off at least a

6   minimum of four years later; probably longer than

7   that, but it was charged off later.

8           But once again, Your Honor, a charge-off is

9   not damages.  The value of that loan, if you accept

10  their theory that somehow we're going with the date

11  of the P & A agreement, the value of the loan on the

12  date of the P & A agreement, the fair market value is

13  the amount of damages arguably.  But it is certainly

14  not some theoretical charge-off.  Because you could

15  charge it off to zero.  And I believe the Court will

16  recognize that no matter how bad any loan is, it's

17  not worth zero.  Somebody will pay something for the

18  chance of collecting that loan.

19          So their damage theory doesn't flow from

20  their allegations.  But most importantly, there is no

21  causal connection between what the defendants did and

22  what allegedly caused these losses to whoever the

23  losses were allegedly caused to.

24          And once again, I think it is at least

25  unclear as to whether this is some kind of damage to

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 820-6349



BEAN
& ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1    the FDIC insurance fund, or whether it is a damage of

2    some other kind that they are seeking to claim.

3            So we believe, Your Honor, that this

4    complaint could not withstand a motion for summary

5    judgment, which is one of the things that the Court

6    would look at in determining whether to allow the

7    amendment.  And we would submit that the amendment

8    itself would be futile because it doesn't state a

9    claim, and it doesn't establish injury in fact or

10   injury in law.

11           Thank you, Your Honor.

12           THE COURT:  Thank you, Mr. Carroll.

13           Mr. Wihl, are you going to argue this?

14           MR. WIHL:  I am, Your Honor.  Thank you.

15           THE COURT:  Mr. Wihl.

16           MR. WIHL:  I'd start out by saying that the

17   Court can readily see from the attachment to the

18   joint response to the motion to dismiss that the FDIC

19   did precious little to amend the complaint in this

20   case.  And further, its motion to amend did not

21   explain how those few amendments that it did make

22   cured the defects that the Court identified in its

23   order.

24           But I'd also like to ask the Court to look

25   at some of the individual loans with a focus on my



SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 820-6349

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1   client, Mr. Nafus.

2          Paragraph 29 of the proposed amended

3   complaint says that there was a loan made in January

4   29 of 2007 for about $2.89 million. But then in

5   Paragraph 32 it says that there was a different

6   consolidation loan on September 23 of '08, that

7   consolidated the $2.89 million loan with an

8   additional $1.03 million in additional funding for a

9   separate purpose. And then in Paragraph 35 -- this

10  is all reference to the Kitts loan -- it says that

11  the loan was placed on nonaccrual and then charged

12  off. Well, that must be the consolidated loan. And

13  it says that this loan was sold to U.S. Bank. Well,

14  that must be the consolidated loan.

15         The loan that was made by Mr. Nafus back in

16  January of 2007 had been subsumed by separate

17  transactions that were made by somebody else.

18  Significantly in its allegation in Paragraph 35, Mr.

19  Nafus isn't even mentioned.

20         Turning to the K&M loan, which the

21  discussion of that begins on Paragraph 36 of the

22  proposed amended complaint, it talks about a loan

23  being made for $885,000 in March of 2007. And then

24  in Paragraph 39, it talks about a $1.571 million loan

25  made in January of '08. But then again, in Paragraph

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 820-6349


BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1  40, it talks about a consolidated loan with money

2  added.  And it says that this loan in Paragraph 43

3  went into default, was placed on nonaccrual, and

4  charged off.  And again, it's this consolidated loan

5  that's after the fact, and no allegation that Mr.

6  Nafus had anything to do with the consolidated loan,

7  is what was sold to U.S. Bank.

8         The Katerina, Inc. loan, which begins in

9  Paragraph 44, Mr. Nafus is not mentioned in that at

10  all.  Similarly with the Empire Estrella Town Center,

11  which begins at Paragraph 49, Mr. Nafus was not

12  involved in that at all.  Then we go to the La

13  Cuentista loan, which begins at Paragraph 58, that

14  was a loan that had already been made, according to

15  that paragraph, for 100 percent financing of project,

16  including $490,000 in reserves.  And the amended

17  complaint does not allege that Mr. Nafus had anything

18  to do with the loan for the 100 percent funding.

19  Then again in Paragraph 60 is talking about the P.A.

20  loan.  And again, there is no mention of Mr. Nafus.

21         Now, Your Honor, in your memorandum opinion

22  and order, you said that there had been a failure to

23  show an injury in fact necessary to establish Article

24  III standing in this case.  And the Court in this

25  opinion, and others that you've issued, has said that

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 820-6349


BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1  when you're talking about a standing issue Article

2  III jurisdiction, it's the burden of the plaintiff to

3  establish that standing, to establish that injury in

4  fact, and to establish how the alleged injury was

5  caused by the conduct of the defendant.

6          Your Honor, analysis of those paragraphs

7  that I've gone through so far establish absolutely

8  the contrary.  Either Mr. Nafus is not named in

9  connection with the loan at all, or the loans that

10  were purportedly sold at the closing of First

11  Community Bank are different loans than the loans

12  that Mr. Nafus made with respect to those borrowers.

13  So, Your Honor, there is no causation established in

14  the complaint.

15          Looking at the complaint overall, and it's

16  a function of the deficiencies, or frankly, the lack

17  of effort in amending the complaint, there are still

18  problems with blanket allegations of wrongdoing.

19  Paragraphs 4 and 27 lump everybody together, even

20  though Mr. Nafus was not on the board.  He was a loan

21  officer.  But it's referring to all defendants.

22          Again, looking at the big picture, Your

23  Honor, the amount of damages that the FDIC is

24  claiming is $13.66 million; that's in Paragraph 6.

25  But in Paragraph 23, they say that the nonaccrual

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 820-6349



BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1  status of loans at First Community Bank rose to $538

2  million.  That means that the loans that they're

3  talking about in this case are roughly 2.5 percent of

4  the total problem loans.

5          It's not a suit for bank failure, Your

6  Honor; they've said that.  It's not a suit for loss

7  due to a loss sharing agreement, because they don't

8  have one of those.  It's a suit on loans.  But there

9  is no allegation that the loans that were sold to

10  U.S. Bank were the actual loans that Mr. Nafus was

11  involved in, because they were consolidated

12  afterwards.  Or in the case of the La Cuentista loan,

13  there is no allegation that the larger credit was

14  made by Mr. Nafus.  There is no allegation in the

15  amended complaint that the loans were separately

16  valued.  Were they sold separately?  Were they sold

17  as a lump?  If they're sold as a lump, this is an

18  awful lot like the Court's Vanderbilt Capital case,

19  where you can't differentiate between the total

20  alleged damage by -- to the FDIC because of a small

21  percentage of loans going to U.S. Bank:  2.5 percent.

22  You can't differentiate that the total amount

23  received by FDIC, when it entered into its purchase

24  and assumption agreement with U.S. Bank was

25  specifically decreased because of these loans that

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 820-6349



BEAN
& ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1    Mr. Nafus was originally involved in, but not

2    involved in those loans that were sold to U.S. Bank.

3            And finally, Your Honor, there are still no

4    allegations in this complaint about a breach of

5    fiduciary duty by Mr. Nafus.  There is no allegation

6    that any of his conduct was designed solely for his

7    benefit, as opposed to for the benefit of the bank.

8    Albeit the loans may have turned out bad, but in Mr.

9    Nafus' case, those loans may not have turned out bad.

10   There is no allegation that those loans turned out

11   bad, because they were later consolidated with other

12   loans and new credit was extended in connection with

13   them.

14           So, Your Honor, as to Mr. Nafus, I think

15   that the amended complaint fails the standing

16   requirement.  It's their burden, unlike in a regular

17   12(b)(6) motion to establish that.  And I'd ask the

18   Court as to Mr. Nafus to dismiss this case with

19   prejudice.

20           Thank you.

21           THE COURT:  All right.  Thank you, Mr.

22   Wihl.

23           Mr. Klein.

24           MR. KLEIN:  Just a couple of points, Your

25   Honor.  First, I think it's important to put the

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 820-6349




BEAN
& ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1   focus, the proper focus, on why we're here today, and
2   that is that we're here to cure a standing issue
3   which this Court raised in its recent opinion, an
4   issue which the Court gave us specific guidance on
5   how to cure, which I believe we did.  We're not here
6   on a motion for summary judgment.  We're not here to
7   prove our case.
8           It's hard -- we had extensive briefing and
9   lengthy argument on a motion to dismiss that had been
10  filed by the defendants.  Your Honor indicated that
11  he was inclined to deny those motions, and outlined
12  the rationale for that.  So it's really hard to
13  understand how this amended complaint could be
14  considered futile, as is being argued here.  Any
15  issues that are being raised by the defendants this
16  morning are either summary judgment issues, they're
17  factual issues, they're issues that we can deal with
18  as we move forward with discovery and file additional
19  motions, if necessary.
20          But this case is really quite simple.  This
21  bank failed.  The FDIC was forced to take it over.
22  The FDIC paid an acquirer a substantial amount of
23  money to take this bank over.  The reason why they
24  paid the acquirer to take the bank over was because
25  the liabilities of this bank substantially exceeded

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 820-6349



BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1   the assets. And one of the reasons why the assets

2   were so low in connection with this bank was because

3   these defendants approved the loans that we

4   identified, with the deficiencies that we identified,

5   these loans never should have been made. And as a

6   result of them being made, the loans defaulted, the

7   FDIC was not repaid. The FDIC sold these, marked

8   these assets; they were written off either by the

9   bank -- in one occasion the FDIC -- and the acquirer

10  received substantial amounts of money to take over

11  these assets that weren't worth what they should have

12  been worth.

13          So, in light of that, Your Honor, I think

14  we've clearly satisfied the standard to allow

15  amendment to the complaint, and our motion should be

16  granted.

17          THE COURT: All right. Thank you,

18  Mr. Klein.

19          Well, I want to look at this a little more,

20  so I'm going to take it under advisement. But when I

21  was working on the other opinion, I began to focus on

22  the lack of allegations that I thought satisfied the

23  standing requirement. And I felt like since that was

24  a jurisdictional issue, it sort of shut me down and

25  sort of constrained what I could say, and felt like I

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 820-6349


BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1   needed to issue a jurisdictional opinion, which I

2   did, saying that I thought the allegations were

3   insufficient, and the record before the Court was

4   insufficient for the Court to feel like it had

5   jurisdiction.

6           I'm inclined to think that -- I didn't

7   think it required much, but I didn't think that the

8   complaint fairly could be read to get it over the

9   line.  I'm inclined to think that while the plaintiff

10  has not added a whole lot here, that it may have

11  nudged it across the line as far as standing is

12  concerned.

13          It seems to me that some of the issues that

14  I still need to address with the motion to dismiss,

15  and some of the issues that the defendants are

16  raising today, are still going to have to be

17  addressed.  But they don't go to that standing issue.

18          So I'm inclined to grant this motion to

19  amend, insofar as to get this complaint in front of

20  the Court, so the Court doesn't have to struggle with

21  jurisdiction.  I mean, it's a little bit of an issue,

22  once I dismiss the complaint, whether I've got

23  jurisdiction to proceed even with the motion to amend

24  and in going forward.  So I think I'd like to get the

25  complaint -- if I ultimately conclude that this is



SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 820-6349

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1  enough of an amendment to give the Court

2  jurisdiction -- get it in place before I tackle some

3  of these other issues that the defendants are

4  raising.

5          And so what I propose to do, after I look

6  at this a little bit more, is to grant the motion,

7  get this complaint in front of me.  But because there

8  are so few changes in this, give you an opinion

9  addressing the other issues, which ones we kind of

10  move out of the jurisdictional realm and can deal

11  with it on a 12(b)(6) basis.  I think I'm a little

12  bit freer to comment and do some things with some of

13  the other issues that I feel like I really can't

14  comment on till I get a firm footing for the Court's

15  jurisdiction.

16          So unless somebody has a real reservation

17  about me doing that, assuming I grant this motion to

18  put this complaint in front of the Court, I'm then

19  inclined to give you an opinion on that, telling you

20  I'm going to do that, then go back to tell you,

21  without any briefing or any other argument, and then

22  go ahead and give you an opinion on the other issues

23  that we discussed and have heard argument on, and had

24  extensive briefing.

25          So unless somebody wants to comment on

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 820-6349


BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1  that, let's go to the motion to stay deadlines in the
2  Court's schedule.  I tend to agree that just because
3  the Court has entered an order -- I mean, I always
4  have jurisdiction to determine jurisdiction, so I
5  don't think that simply my order vacated all the
6  deadlines.  I think somebody needs to do something
7  with them.
8         It sounds like y'all are in agreement as to
9  what to do.  The defendants have taken a position
10 that they've just gone away.  But I don't think so.
11 I made it clear that I was retaining jurisdiction to
12 determine jurisdiction, and was giving the plaintiff
13 an opportunity to amend here.  So if everybody wants
14 the deadlines off, I think the plaintiff's motion is
15 probably the right way to do it.
16         But, Mr. Klein, anything you want to say on
17 this motion?  I'm inclined to grant it.
18         MR. KLEIN:  No, Your Honor.
19         THE COURT:  How about from you,
20 Mr. Carroll?
21         MR. CARROLL:  No, Your Honor.
22         THE COURT:  All right.  Mr. Wihl?
23         MR. WIHL:  No, sir.
24         THE COURT:  All right.  So I will grant
25 that motion.

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 820-6349



BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1    Anybody want to say anything about --
2    assuming I allow this complaint to be the operative
3    complaint in front of us, the procedure that I
4    proposed to get the other issues resolved?  Anybody
5    have any problem with that?  Mr. Klein?
6          MR. KLEIN:  No, Your Honor.  In fact, one
7    of the reasons why the changes are so minimal is
8    because we didn't want to expand to change the scope
9    just to comply with the guidelines we'd gotten from
10   the opinion.
11         THE COURT:  All right.
12         MR. CARROLL:  Your Honor, we would like to
13   request, if the Court allows the amended complaint to
14   be filed, that we have, say 10 days, to file any
15   supplemental authorities on the motion to dismiss,
16   since it was filed some time ago, and possibly to
17   address specifically any of the new allegations in
18   the complaint.
19         THE COURT:  What if I did this:  It seems
20   to me you've kind of done this with this pleading.
21   What if I just promise that the arguments that I
22   think don't really go to the jurisdictional issue,
23   but that go really to causation and the damages,
24   those issues, I promise you that I'll take what
25   you've given me -- because I bet that's what I'm

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 820-6349


BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1  going to see in any supplemental response -- and I
2  promise I will address those in the opinion
3  addressing the rest of the motion to dismiss.  Would
4  that work for you?
5          MR. CARROLL:  Yes, Your Honor.  Thank you.
6          THE COURT:  Do you think there is anything
7  else you'd want to say?  Or just as long as I address
8  those issues, that's -- you're just trying to get it
9  in the right form, and if I promise to remember that
10  I think some of these are getting over into the
11  motion to dismiss, I'll address them there.  Does
12  that work for you?
13          MR. CARROLL:  That's fine, Your Honor.
14          The only other thing would be is if there
15  is a new authority, we would just submit that as a
16  supplemental authority.  Thank you.
17          THE COURT:  Sure.  I'll always take the
18  help.
19          Does that work for you, Mr. Wihl?
20          MR. WIHL:  Yes, sir.
21          THE COURT:  All right.  Well, I've got my
22  work cut out for me.  So y'all have pretty much
23  stayed this case.  And then it looks like I owe you
24  two opinions.  So I'll try to get them out to you as
25  soon as possible so -- if we're going to get this

SANTA FE OFFICE                                          MAIN OFFICE
119 East Marcy, Suite 110                         201 Third NW, Suite 1630
Santa Fe, NM 87501                                   Albuquerque, NM 87102
(505) 989-4949                                             (505) 843-9494
FAX (505) 820-6349                                    FAX (505) 843-9492



BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

1-800-669-9492
e-mail: info@litsupport.com

```
 1    thing going, so I don't have y'all just waiting on

 2    me.  So I'll try to get this out as soon as possible.

 3    This month may be difficult.  I've got some burning

 4    things here in May.  So it's maybe a June project for

 5    me.

 6            All right.  Is there anything else we need

 7    to discuss while we're together?  Anything else I can

 8    do for you, Mr. Klein?

 9            MR. KLEIN:  No, Your Honor.

10            THE COURT:  Mr. Carroll?

11            MR. CARROLL:  No, Your Honor.

12            THE COURT:  Mr. Wihl?

13            MR. WIHL:  No.  Thank you.

14            THE COURT:  All right.  I appreciate

15    y'all's presentations.  I'll try to get these out to

16    you as soon as possible.  Y'all have a good day.

17            (The Court stood in recess.)

18

19

20

21

22

23

24

25
```

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 820-6349



BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1              C-E-R-T-I-F-I-C-A-T-E

2

3    UNITED STATES OF AMERICA

4    DISTRICT OF NEW MEXICO

5

6

7         I, Jennifer Bean, FAPR, RDR, CRR, RMR, CCR,

8    Official Court Reporter for the State of New Mexico,

9    do hereby certify that the foregoing pages constitute

10   a true transcript of proceedings had before the said

11   Court, held in the District of New Mexico, in the

12   matter therein stated.

13        In testimony whereof, I have hereunto set my

14   hand on May 6, 2015.

15

16

17

18   
     Jennifer Bean, FAPR, RMR-RDR-CCR
19   Certified Realtime Reporter
     United States Court Reporter
20   NM CCR #94
     333 Lomas, Northwest
21   Albuquerque, New Mexico 87102
     Phone:  (505) 348-2283
22   Fax:    (505) 843-9492

23

24

25

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 820-6349

BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com